```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION

DIANE MARIE JOHNSON and
ROBERT CHARLES JOHNSON,

       Plaintiffs,

v.                                  Case No. 8:13-cv-491-T-33TGW

LIBERTY MUTUAL INSURANCE
COMPANY,

       Defendant.
_____/
```

**ORDER**

This cause comes before the Court in consideration of Plaintiffs Diane Johnson and Robert Johnson's Motion for Remand and Attorneys' Fees (Doc. # 8), filed on March 19, 2013. Defendant Liberty Mutual Insurance Company filed a response in opposition to the motion (Doc. # 13) on April 5, 2013. For the reasons stated below, the motion is granted in part and denied in part.

**I.   Background**

In February of 2011, the Johnsons purchased a policy of automobile liability insurance from Liberty Mutual which allegedly provided uninsured motorist coverage to their son, Kyle Robert Johnson. (Doc. # 2 at ¶¶ 2-4; Doc. # 2-1 at 2, 4). In September of 2011, Kyle Johnson "was involved

in a fatal motor vehicle crash that was the direct and proximate result of the negligence of an uninsured/underinsured motorist, resulting in serious permanent and personal injuries and death." (Doc. # 2 at ¶ 6). The Johnsons claim that, according to the relevant insurance policy, Liberty Mutual "is liable for all damages to the Plaintiffs not paid by the tortfeasor's insurance carrier nor paid by Plaintiffs' personal injury protection insurance." Id. at ¶ 8. Although the Johnsons made a demand upon Liberty Mutual for the uninsured motorist benefits, Liberty Mutual subsequently denied coverage for this event. Id. at ¶ 11.

On January 15, 2013, the Johnsons filed the instant action for declaratory relief against Liberty Mutual in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 2). On January 23, 2013, Liberty Mutual was served with the Complaint. (Doc. # 1-1 at 2). On February 21, 2013, Liberty Mutual filed a Notice of Removal in this Court, alleging diversity jurisdiction. (Doc. # 1 at 2). There is no dispute that the parties are diverse. The Johnsons are citizens of the state of Florida, and Liberty Mutual is a Wisconsin corporation with its principal place of business in Boston,

Massachusetts.  Id.  However, the Johnsons claim that Liberty Mutual has not borne its burden of demonstrating that the amount in controversy exceeds $75,000.  (Doc. # 8 at 3).

## II. Legal Standard

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In this case, the only question is whether the amount in controversy exceeds the $75,000 jurisdictional threshold.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.

2001); see Vax-D Med. Techs., LLC v. Evanston Ins. Co., No. 8:05-cv-1462-T-24TBM, 2005 WL 2675021, at *2 (M.D. Fla. Oct. 20, 2005); Forest v. Penn Treaty Am. Corp., 270 F. Supp. 2d 1357, 1360 (M.D. Fla. 2003) (explaining that when the plaintiff objects to removal, the burden of proof is on the defendant to prove by a preponderance of the evidence that the case was properly removed).

Where damages are uncertain because the plaintiff seeks declaratory relief, the amount in controversy is the "value of the object of litigation" or "the value of the right to be protected." Phillips Excavating & Constr., Inc. v. Mount Vernon Fire Ins. Co., No. 8:08-cv-746-T-17EAJ, 2008 WL 2856579, at *3 (M.D. Fla. July 22, 2008) (citing Davis Tune, Inc. v. Precision Franchising, LLC, No. 3:05-cv-97/RV, 2005 WL 1204618 (N.D. Fla. May 20, 2005)). "Alternatively stated, the value of the declaratory relief is the amount the plaintiff would recover or avoid losing if the declaratory relief was granted," including potential attorneys' fees, statutory damages, and punitive damages. Id. at *3.  Finally, removal statutes are narrowly construed and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of

remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. **Discussion**

Liberty Mutual acknowledges that "Plaintiffs did not allege an amount in controversy in their Complaint," (Doc. # 1 at 3), but nonetheless contends that removal is proper because Liberty Mutual can demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Id. Specifically, Liberty Mutual argues that the amount in controversy exceeds $75,000, and that this fact is evidenced by "(1) the language of Plaintiffs' complaint, including Plaintiffs' demand for statutory attorneys' fees, [and] (2) the insurance policy (the stacked UM policy limits),"[1] in addition to two pre-suit demand letters to Liberty Mutual from the Johnsons' counsel, dated July 12, 2012, and November 29, 2012, respectively. (Doc. # 13 at 3). Within those letters, the Johnsons demand "Uninsured Motorist (UM) benefits totaling $75,000.00, representing [the Johnsons']

---

[1] The Johnsons attached to the initial Complaint the relevant insurance policy. That policy lists the uninsured motorists coverage limit as "$25,000 Each Person," and lists three people as "Drivers" under the policy: Diane Johnson, Robert Johnson, and Kyle Johnson. (Doc. # 2-1 at 2, 4).

stacked UM coverage under the [policy]."  (Doc. # 1-2 at 2; Doc. # 13-1 at 6-11).

This matter presents a close question for the Court. In the Complaint, the Johnsons do not purport to seek the amount of the policy limits, but rather explain that "the Plaintiffs' damages exceed the limits of liability coverage afforded to the uninsured motorist. [Consequently], Defendant . . . is liable for all damages to the Plaintiffs not paid by the tortfeasor's insurance carrier nor paid by Plaintiffs' personal injury protection insurance."  (Doc. # 2 at ¶¶ 7-8).  Thus, because the Complaint contains no indication of the amount paid to the Johnsons by the uninsured motorist or by the Johnsons' personal injury protection insurance, nor any indication of the total amount of damages sustained by the Johnsons with regard to the relevant accident, any determination as to the amount sought by the Johnsons -- consulting only the Complaint and the attached policy -- would be speculative.

In light of this preliminary determination, the Johnsons' additional claim for attorneys' fees under Florida Statute § 627.428 fails to cure the speculative nature of the amount of damages sought.  (Doc. # 2 at ¶ 20).  As this Court explained in <u>Abilities Rehabilitation</u>

6

Center Foundation, Inc. v. Mount Vernon Fire Ins. Co., No. 8:10-cv-1676-T-33TMB, 2010 WL 4723449 (M.D. Fla. Nov. 15, 2010), Liberty Mutual's "assertion that the Court must consider the fees and costs [the Johnsons] accrued in bringing the instant action simply does not prove that such fees and costs are more likely than not to push the total amount in controversy beyond the $75,000 jurisdictional threshold."  Id. at *3.

As a factor weighing against remand, however, the Court acknowledges Liberty Mutual's argument that "Plaintiffs do not deny that the amount in controversy exceeds $75,000."  (Doc. # 13 at 4-5).  This Court is mindful that "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." Angrignon v. KLI, Inc., No. 08-81218-CIV, 2009 WL 506954, at *3 (S.D. Fla. Feb. 27, 2009) (internal quotation omitted). Moreover, "[a] plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy."  Lamb v. State Farm Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *3 (M.D. Fla. Nov. 5, 2010) (quoting Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009)).  Although the

7

Court finds suspect the Johnsons' unwillingness to stipulate to an amount in controversy below $75,000, the Johnsons' refusal is insufficient to satisfy Liberty Mutual's burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

With regard to the Johnsons' demand letters, the Johnsons correctly argue that a plaintiff's pre-suit demand letter will not be considered an "other paper" for the purpose of satisfying the amount in controversy requirement. See Negron v. Sears Roebuck & Co., No. 2:06-cv-34-FtM-33SPC, 2006 WL 1169697, at *1 (M.D. Fla. May 2, 2006) (citing Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358 (M.D. Fla. 2005); Depina v. Iron Mountain Info. Mgmt., Inc., No. 3:05-cv-219-J-25MMH, 2005 WL 1319231 (M.D. Fla. June 1, 2005); Martin v. Mentor Corp., 142 F. Supp. 2d 1346 (M.D. Fla. 2001)); Armstrong v. Sears Roebuck & Co., No. 8:09-cv-2297-T-23TGW, 2009 WL 4015563, at *1 (M.D. Fla. Nov. 19, 2009) ("By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1441(b), the defendant must receive the 'other paper' only after [the defendant] receives the initial pleading.") (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992)).

8

However, Liberty Mutual urges this Court to find that the pre-suit demand letters in this case are not "other papers" for purposes of removal. Instead, Liberty Mutual contends that the initial pleading, which asserts a claim to uninsured motorist benefits pursuant to an attached policy revealing the uninsured motorist policy limits to be $75,000, in addition to a claim for statutory attorneys' fees, demonstrates that the amount in controversy requirement is satisfied by a preponderance of the evidence. Liberty Mutual further argues that, since the initial pleading was removable, Liberty Mutual is entitled to introduce the pre-suit demand letters not as "other papers" for purposes of triggering the thirty-day removal period, but as additional evidence demonstrating the likelihood that the amount in controversy exceeds $75,000. (Doc. # 13 at 6, 9).

The Court finds that, even if the Court were to consult the pre-suit demand letters for evidentiary purposes, the letters merely constitute a general demand for the maximum amount available under the policy limits. The letters contain no specific information with regard to the amount of damages sustained by the Johnsons (that is, the amount of damages "not paid by the tortfeasor's

9

insurance carrier nor paid by Plaintiffs' personal injury protection insurance" (Doc. # 2 at ¶ 8)) to which the uninsured motorist benefits might apply. See Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ("[T]he plaintiffs' settlement demand . . . is not detailed in any way that aids removal. The letter in question simply demands [a] 'lump sum payment of $155,000,' without the slightest suggestion how . . . the plaintiffs could support such a figure."); see also Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1364-65 (M.D. Fla. 1998) (explaining that, while some settlement demand letters offer an honest assessment of damages, others are mere posturing); Burns, 31 F.3d at 1097 (noting that a settlement offer alone is "not determinative" in resolving a question of the amount in controversy).

Lastly, Liberty Mutual argues that "Plaintiffs' allegations of death are probative in evaluating the amount in controversy. . . . Obviously, Plaintiffs value this death claim at more than the stacked limit of $75,000 given the loss of life. This Court can determine, relying on its judicial experience and common sense, that Plaintiffs' claim satisfies the amount in controversy requirements." (Doc. # 13 at 3-4). However, as indicated in the

Complaint, the Johnsons seek only the remaining amount of damages "not paid by the tortfeasor's insurance carrier nor paid by Plaintiffs' personal injury protection insurance," and Liberty Mutual has failed to demonstrate by a preponderance of the evidence that this remaining amount of damages exceeds $75,000.

Thus, in accordance with this Court's obligation to resolve all uncertainties in favor of remand, the Court finds that Liberty Mutual has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Consequently, the Court remands this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

However, the Court declines to award the Johnsons attorneys' fees and costs under 28 U.S.C. § 1447(c). Although the Court disagrees with Liberty Mutual's basis for removal, the Court does not find that Liberty Mutual lacked an objectively reasonable basis for removal. See Martin v. Franklin Capital Grp., 546 U.S. 132, 136 (2005). Accordingly, to the extent the Johnsons' motion requests an award of attorneys' fees and costs under 28 U.S.C. § 1447(c), the motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Remand and Attorneys' Fees (Doc. # 8) is **GRANTED in part and DENIED in part.**

(2) This case is hereby remanded to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

(3) After remand has been effected, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of April, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record